**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA HORTENCIA MORENO DE RIOS, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.    14-73692 <br><br> Agency No. A075-501-332 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017**

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Maria Hortencia Moreno De Rios, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C.

§ 1252.  We review for abuse of discretion the denial of a motion to reopen.  *Lin v.*

---

  *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 588 F.3d 981, 984 (9th Cir. 2009).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Moreno De Rios's motion to reopen as untimely, where the motion was filed twelve years after her final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and she did not demonstrate the due diligence necessary to warrant equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances).  Moreno De Rios also failed to present sufficient evidence of materially changed country conditions in Mexico to qualify for the regulatory exception to the filing deadline.  *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Lin*, 588 F.3d at 989 (BIA's determination that petitioner did not establish materially changed country conditions was not "arbitrary, irrational, or contrary to law").

We reject Moreno De Rios's contentions that the BIA failed to consider evidence and arguments presented in her motion, or insufficiently explained its decision.  *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency must "merely . . . announce its decision in terms sufficient to enable a reviewing

court to perceive that it has heard and thought and not merely reacted" (citation and quotation marks omitted)).

We lack jurisdiction to consider Moreno De Rios's unexhausted due process contention regarding the withdrawal of her asylum application. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (explaining that due process claims, procedural in nature, must be exhausted).

To the extent Moreno De Rios alleges the immigration judge violated her due process rights during her 1999 proceedings, this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1).

To the extent Moreno De Rios seeks prosecutorial discretion, we lack jurisdiction to consider such a request. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

In light of our disposition, we do not reach Moreno De Rios's remaining contentions.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**